PEOPLE'S STATE BANK, a Corporation, Respondent, v. A. O. SNYDER, Appellant.

(195 N. W. 436.)

**Alteration of instrument — maker held precluded from denying authority to insert bank's name as payee in renewal note.**

Where defendant executed a promissory note payable to "ourselves" to be used as an accommodation for a service bureau and such note was negotiated at plaintiff bank as collateral security for a loan made and where thereafter such note was renewed with the name of the payee therein blank at the time of its execution and thereafter plaintiff bank was inserted as payee therein, all with the understanding that such renewal note should be negotiated as an accommodation to the service bureau for securing credit or in the extension of credit, it is *held*, for reasons stated in the opinion, that although the first note was incomplete by reason of defendant's failure to endorse the same, nevertheless, concerning the second note, defendant, upon his own evidence, is not in a position to deny authority to insert name of plaintiff as payee in the renewal note.

Opinion filed October 13, 1923.

Alteration of Instruments, 2 C. J. § 120 p. 1243 n. 66.

In District Court, Foster County, *Coffey*, J.

Action on a promissory note.

Defendant has appealed from a judgment entered non obstante. Affirmed.

*Kelly & Morris*, for appellant.

To allow amendments is the rule; to refuse them the exception. 31 Cyc. 360.

"An amendment to the complaint should be allowed to conform to the proofs where the evidence was not admissible under the pleadings in the original form," and further along in its opinion the court said, "If the defendant was taken by surprise it should be given a reasonable opportunity to meet the proof. The action should not have been dismissed." Eirman v. Milwaukee, 27 L.R.A.(N.S.) 1085, syl. 3.

Plaintiff asks for judgment notwithstanding the verdict, but this should not be granted unless it clearly appears from the whole evidence

that the defense sought to be established could not in point of substance constitute a legal defense. In other words, before the plaintiff is entitled to such judgment, it must appear clearly upon the whole record that the plaintiff is entitled to judgment on the merits as a matter of law.

The mere fact that the evidence was such that the trial court ought to have granted plaintiff's motion for a directed verdict or ordered the new trial on the ground of insufficiency of the evidence to sustain the verdict, would not warrant this court in ordering such judgment, but it must also clearly appear that there is no reasonable probability that the defects in or objections to the proof necessary to support the verdict may be remedied upon another trial.

Nor is such judgment warranted because some of the evidence offered or which defendant may be able to produce upon a new trial is variant from and inadmissible under the allegations of the answer; but it must further appear that no amendment of the answer can properly be made, making such testimony competent. First State Bank v. Kelly, 30 N. D. 84.

Before a judgment can properly be ordered under that chapter (referring to chap. 63, page 74, Session Laws of 1901, being § 7643, Comp. Laws 1913) it must reasonably appear that the defect in proof cannot be remedied if a new trial be granted. Welsh v. N. P. R. Co. 14 N. D. 19, 103 N. W. 396; Richmeyer v. Elev. Co. 11 N. D. 453, 92 N. W. 819; Nelson v. Grandahl, 12 N. D. 130, 96 N. W. 299; Ætna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Meehan v. G. N. R. Co. 13 N. D. 432, 101 N. W. 183; Marquardt v. Hubner (Minn.) 80 N. W. 617; Cruikshank v. Ins. Co. (Minn.) 77 N. W. 958; Merritt v. R. Co. (Minn.) 84 N. W. 321.

*I. A. Acker,* for respondent.

"And that defendant is now estopped to make such defense, in view of his previous conduct in signing the original note, in signing the renewal notes, in writing the letters promising to pay the original note, and in serving two answers, showing other defenses." Northwestern Trust Co. v. Fox, 33 N. D. 486.

"One may by conduct, statements or silence estop himself from claiming that his signature is a forgery; but before he can be estopped by mere silence, facts must be alleged and proven, showing a duty and

opportunity to speak, that he knew or had reason to believe that a holder of a forged instrument would rely on his silence, and that the holder, in fact, did rely on his silence and was in fact injured thereby." Sinew v. First Nat. Bank, 84 Ohio St. 297, 36 L.R.A.(N.S.) 1006, 95 N. E. 81.

"It is well settled that a note issued in blank for the payee's name may be filled up at any time, even at the trial." 3 R. C. L. p. 881, § 66; Scay v. Bank of Tennessee, 67 Am. Dec. 579.

"The effect of the omission to name a payee is to invest any bona fide holder with authority to fill in the blank left for that purpose by the drawer or maker." 3 R. C. L. 881; 64 Am. Dec. 156 note; 1 L.R.A. 648.

"Such instruments are payable to bearer until restricted in their currency as negotiable instruments by the insertion of the name of some particular payee." 3 R. C. L. 881.

"To fasten liability upon an accommodation indorser, it is not necessary that any consideration should move directly to him. The contract of such indorsement is supported by the consideration moving to the payee from the person to whom he negotiates the instrument. Nor is any consideration moving to the accommodation maker necessary to uphold an accommodation note; the consideration, which supports the promise of the accommodation maker is that parted with by the person taking the note and received by the person accommodated." 3 R. C. L. § 123, p. 927.

"When, without consideration, a person signs his name on the face of a promissory note, he becomes a guarantor of payment and is primarily liable for the debt." State Bank v. Edwards, 45 N. D. 341.

## Statement.

BRONSON, Ch. J. This is an action upon a promissory note. The defense is want of consideration, lack of privity of contract and fraud. Upon trial to a jury, verdict was returned in defendant's favor. Later, the trial court ordered and rendered judgment in plaintiff's favor notwithstanding the verdict. Defendant has appealed from the judgment and order. The facts are: Plaintiff is a farmer residing near Carrington, North Dakota. In 1920 two parties, representing either the

Publishers National Service Bureau or the Consumers Stores Company, solicited a note from defendant. They represented that they were collecting notes for the Consumers Store Company; that some notes were in a bank; that they wanted to get them out and collect them; that in order to get these notes out of the bank so as to collect them it was necessary to put up collateral; that they wanted a note from him so to do while they had these other notes out for collection. They advised him he would never have to pay the note. Defendant accordingly gave a note for $500 dated August 27th, 1920, due December 20th, 1920, with interest at 8 per cent payable to the order of "ourselves." The Publishers National Service Bureau negotiated a loan with plaintiff bank for which plaintiff issued to such bureau a cashier's check dated September 4th, 1920, for $2,000. The note given by defendant was indorsed by such bureau through its sales manager and together with some other notes was put up as collateral for the loan so made by such Bureau. Defendant did not in any manner indorse this note. Later, the president of the bank noticed the manner in which this note was made out and its lack of indorsement by defendant; so he directed the sales manager of such service bureau to furnish a new note or to pay it. In November, 1920, these parties came to defendant again representing that collections were poor, that farmers were not desirous of selling their grain and wanted him to renew his note for a short time. Defendant then gave to them a note dated November 8th, 1920, due May 8th, 1921, with interest at 10 per cent, for the sum of $500. No payee was therein named. These parties advised defendant that they would fill in the name of the payee the same as the other note and would return the other note. At the plaintiff bank there was a rubber stamp bearing the name of the plaintiff bank. After the delivery of this note, the name of plaintiff was inserted through the use of this rubber stamp. The evidence does not disclose particularly when this insertion was made nor the party who made such insertion. About $500 has been paid upon the original obligation to the bank. This suit, accordingly, was instituted upon the renewal note made by defendant. During the course of the trial defendant sought to amend his answer by alleging that the note in suit was delivered with the name of the payee therein in blank with instructions to the parties named to fill in the name of the payee just as it had been inserted in the prior

note and that plaintiff's name as payee was inserted without the authority or consent of defendant and contrary to his instructions. This proposed amendment was disallowed by the trial court. Several letters from defendant to plaintiff bank were received in evidence. In one letter, dated May 9th, 1921, defendant advised plaintiff that he was honest and would pay; that if the Service Bureau did not pay, he would pay. In a letter, dated October 17th, 1920, he advised plaintiff that the only thing he could do was to renew the note until the succeeding year. In a letter, dated January 11th, 1922, he advised the plaintiff's counsel that he gave Dunbar (one of parties representing service bureau) an accommodation note for $500 to use for a short time as collateral instead of some notes that they wanted to get out and collect; that he came back on November 8th, and wanted to renew the note; that as soon as he could he would return defendant's old note; that these notes were given to the Publishers National Service Bureau; that he had written to the bank the previous fall to the effect that it was impossible for him to pay on account of short crops and that he was still in the same position. The evidence further discloses that some correspondence was further had between counsel for defendant and for the plaintiff; that defendant's counsel requested both notes to be sent to him and that defendant would then execute a new renewal note; that, upon sending such notes forward to defendant's counsel, the latter discovered that the first note was payable to "ourselves"; that then defendant's counsel was of the opinion that the first note, not being endorsed by defendant, passed title to no one; that the second note was a renewal of the first note and, since defendant received nothing for its execution, it failed for lack of consideration.

Defendant maintains that the trial court erred in refusing to permit the answer to be amended and in directing judgment non obstante.

## Decision.

It is clear upon defendant's evidence that he intended to give this second note for $500 to serve as an accommodation to the service bureau and to be used by this bureau for purposes of receiving credit or extension of credit by a bank. The first note, as given by plaintiff, in the form payable to "ourselves" was not complete until indorsed by

him. Comp. Laws, 1913, § 7068; Neg. Inst. Act, § 184. Not indorsed, it had no vital force as an instrument in the hands of its holder. See Market & F. Nat. Bank v. Ettenson, 172 Mo. App. 404, 158 S. W. 448; 8 C. J. 176; Crawford's Anno. Neg. Inst. Laws, p. 245. This note, so-termed, however, was renewed by defendant's executing a note for a similar amount with the payee therein not named. His contention in this regard is that specific instructions were given to the parties that the name of the payee should be like that in the original note. In this regard his own evidence discloses that he intended to accommodate the parties who procured the note and intended such parties to use his note for purposes of securing credit or extension of credit to the extent of the amount thereof. He knew further that such note was to be used at a bank and that the name of a payee would be filled in after its delivery by him. The undisputed evidence shows that the bank paid a consideration upon a loan to the service bureau. When it discovered the condition of the first note, it requested that a proper renewal or new note be given or that the loan be paid. Forbearance, accordingly, was extended to the service bureau, a borrower at the bank. Upon the facts in this record we are satisfied that all of the facts which defendant sought to prove and establish in his amended answer were introduced and received at the trial. That, accordingly, defendant has suffered no prejudice in the refusal of the trial court to permit an amended answer to be filed. We are further of the opinion that the defendant upon his own evidence cannot be heard to say that the insertion of plaintiff's name as payee in its renewal note was unauthorized and contrary to instructions. See Northwestern Trust Co. v. Fox, 33 N. D. 482, 486, 157 N. W. 472. Properly, the trial court granted judgment notwithstanding the verdict. Its judgment and order are accordingly affirmed with costs.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.